IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01292-JDB-jay |
| TERRY MILLER, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 18, 2020, the Clerk entered default as to Defendant Terry Miller. (Docket Entry ["D.E."] 11.) Plaintiff, The Guardian Life Insurance Company of America ("Guardian"), then filed its pending Motion for Default Judgment against Defendant. (D.E. 12.) The Motion for Default Judgment was referred to the undersigned Magistrate Judge for report and recommendation. (D.E. 14.) For the reasons that follow, I recommend that Guardian's Motion for Default Judgment be GRANTED.

**Default Judgment Standard**

Federal Rule of Civil Procedure 55(b)(2) governs default judgment. *See* Fed. R. Civ. P. 55(b). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the

allegation is not denied."). Unlike factual allegations, "legal conclusions are not deemed admitted as a result of the entry of default." *Krowtoh II LLC v. Excelsius Int''l Ltd.*, 2007 WL 5023591, at *3 (E.D. Ky. Dec. 17, 2007) (citations omitted). If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment and conduct an inquiry to determine damages and other relief. *See Coach, Inc. v. Cellular Planet*, 2010 U.S. Dist. LEXIS 45087, at *7, 2010 WL 1853424 (S.D. Ohio May 7, 2010) (citing *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)). "A hearing is not necessary when determining appropriate relief does not require a court to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter." *See Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407, at *8 (W.D. Tenn. Mar. 15, 2011.)

**Proposed Findings of Fact**

Pursuant to a Group Insurance Policy (the "Policy") available through Guardian, Defendant Terry Miller obtained optional term life insurance coverage in the amount of $20,000.00 on his spouse, Cassie Miller. (Compl. ¶ 6, D.E. 1, PageID 2.) Mr. Miller provided to Guardian "an evidence of insurability form" that was signed and completed by Mrs. Miller on August 1, 2018. (*Id.*) The evidence of insurability form asked a series of health-related questions, and Mrs. Miller's responses indicated that she had none of the health conditions contemplated in the medical questionnaire, with the exception of acid reflux. (*Id*. ¶¶ 7-9.) Relying upon Mrs. Miller's responses, on August 7, 2018, Guardian approved the optional term life coverage under the Policy. (*Id*. ¶ 9.)

Mrs. Miller died soon thereafter, on October 27, 2018, and Mr. Miller submitted a claim for benefits under the Policy. (*Id*. ¶ 10.) Because Mrs. Miller died within the "contestable period," Guardian conducted a routine investigation which included a review of her medical records. (*Id*.

2

¶ 11.) After reviewing Mrs. Miller's medical records, Guardian discovered that Mrs. Miller had numerous medical conditions and medications that had not been disclosed in response to the evidence of insurability form. (*Id*. ¶¶ 11-16.)

Guardian avers that Mrs. Miller's misrepresentations regarding her medical condition and medical history were material to its acceptance of the risk under the policy and contends that it would not have approved coverage had Mrs. Miller been truthful about her medical conditions in her response to the evidence of insurability form. (*Id*. ¶ 17.) After concluding its investigation, Guardian informed Mr. Miller that Mrs. Miller's optional term life coverage was rescinded and deemed void *ab initio*, and issued him a refund for all premiums paid, plus interest. (*Id*.) Due to Mrs. Miller's misrepresentations, Guardian seeks: (1) an order rescinding the optional term life coverage for Mrs. Miller and/or (2) a declaratory judgment declaring that Guardian is entitled to rescind all coverage for Mrs. Miller under the Policy. (*Id*. ¶¶ 18-24.)

### Proposed Conclusions of Law

Under Tennessee law, "a material misrepresentation made in the application for insurance policy permits the insurer to void that policy if the misrepresentation increases the risk of loss for the insurer." *Jeffreys v. Nationwide Gen. Ins. Co.*, 2016 WL 7496194, at *3 (W.D. Tenn. July 6, 2016) (citing Tenn. Code Ann. § 56-7-103)). A misrepresentation increases the insurance company's risk of loss "if it naturally and reasonably influences the judgement of the insurer making the contract." *Id.* (citations and internal quotations omitted). Insurance policies are contracts and, thus, under Tennessee law, are "'subject to the same rules of construction that are used to interpret other types of contracts.'" *Alkabsh*, 2011 WL 938407, at *8 (quoting *Spears v. Tenn. Farmers Mut. Ins. Co.*, 300 S.W.3d 671, 678 (Tenn. Ct. App. 2009)). When interpreting insurance policies, "[a]s with any other contract, courts must give effect to the parties' intentions

as reflected in their written contract of insurance." *Spears*, 300 S.W.3d at 678. The court should construe the insurance contract as a whole "in a reasonable and logical manner, . . . giving the policy's terms, as written, their natural and ordinary meaning." *Id.* (citations omitted). Unambiguous policies should be enforced as written; whereas, ambiguous policies should be "construed in favor of the insured." *Id*. at 679.

Here, Mrs. Miller misrepresented her medical history by failing to disclose (with the exception of her acid reflux condition) a multitude of serious medical conditions in response to the evidence of insurability form. (*See* Compl. ¶¶ 11-16, D.E. 1, PageID 3-5.) Mrs. Miller's failure to disclose this information was a material misrepresentation because it "naturally and reasonably influence[d] the judgement" of Guardian in making the insurance contract. *Jeffreys*, 2016 WL 7496194, at *3. Had Mrs. Miller fully disclosed her medical history, Guardian would have denied coverage under the policy. (*See* Compl. ¶¶ 17, D.E. 1, PageID 5.) Guardian is therefore legally entitled to rescind all coverage for Mrs. Miller under the Policy. *See, e.g.*, *Bass v. Equitable Life Assurance Soc'y of U.S.*, 72 F. App'x 401, 403-04 (6th Cir. 2003) (holding that under Tennessee law, the insured's failure to disclose his cancer diagnosis and related surgery was a "material misrepresentation" entitling the insurer to rescind a life insurance policy under Tenn. Code Ann. § 56-7-103).

## Recommendation

For the forgoing reasons, I respectfully recommend that the District Court GRANT Guardian's Motion for Default.

Respectfully submitted this 8th day of May, 2020.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**